UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VILLAGES OF CAPITAL POINTE, LLC,

    Plaintiff,

vs.                                                                                    Case No. 13-13334

HUNTINGTON BANK,                                               HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR ABSTENTION AND REMAND OF REMOVED STATE COURT CASE**[1]

I.

This is a contract action involving an assignment of rents provision in a mortgage. Plaintiff Villages of Capital Pointe, LLC (Villages) asserts that defendant Huntington Bank (Huntington) is prohibited by state law from assigning the rents under the circumstances. Villages has asserted claims of breach of contract, conversion, and tortious interference with a contract and seeks monetary and injunctive relief. The action was filed in Macomb County Circuit Court shortly before Villages filed a Chapter 11 petition in the bankruptcy court. Huntington removed the case to the bankruptcy court as a adversary proceeding and then filed a motion to withdraw the reference. The Court granted Huntington's motion. (Doc.5). As a result, this case is now before the Court.

Pending is plaintiff's motion for abstention and remand of removed case to state

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

court.[2] For the reasons that follow, the motion will be denied.

## II.

Villages contends that the Court should abstain and remand the case to state court under either the doctrines of mandatory or permissive abstention. Neither doctrine carries the day for Villages.

28 U.S.C. § 1334 provides for two types of abstention: discretionary abstention under 28 U.S.C. § 1334(c)(1) and mandatory abstention under 28 U.S.C. § 1334(c)(2). Section 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Section 1334(c)(2) states in relevant part:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

### A.

To invoke mandatory abstention, a proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely

---

[2] The motion was filed in the adversary proceeding in the bankruptcy court. See Dos. 6 in Adv. P. Case No. 13-04679. Huntington filed a response to the motion. See Doc. 17 in Adv. P. Case No. 13-04679. Now that the reference has been withdrawn, the motion is before the Court.

adjudication; and (5) be a non-core proceeding. See In re Dow Corning Corp., 86 F.3d 482, 497 (6th Cir. 1996).

Here, mandatory abstention does not apply because the second element is not satisfied. Although Villages is correct that federal question jurisdiction does not exist, diversity jurisdiction does. Villages is a Michigan limited liability company owned by citizens of Michigan. Huntington is a national bank whose principle place of business is Ohio and is therefore a citizen of Ohio. Villages appears to contend that the amount in controversy requirement is not met because the complaint seeks only in excess of $25,000.00. As explained in Huntington's papers, the amount in controversy exceeds $75,000.00.

B.

In considering whether to permissively abstain, courts look to multiple factors, as follows:

> (1) the effect or lack of effect on the efficient administration of the estate if a court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of this court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; and (13) any unusual or other significant factors.

In re Kmart Corp., 307 B.R. 586, 596–97 (Bankr. E.D. Mich. 2004) (citing In re Tremaine, 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995); In re Underwood, 299 B.R. 471

(Bankr. S.D. Ohio 2003)).

Contrary to Villages' assertions, the balance of these factors support a conclusion that permissive abstention is not appropriate. While Huntington is not a creditor of the estate of Villages, its wholly-owned subsidiary, Fourteen Corporation, is a creditor. Fourteen Corporation's right to the rent may be affected by decisions in this case, as well as Villages' bankruptcy proceeding. The parties agree that the complaint presents a narrow issue of state law. There are no related proceedings in state court; however, there is a related case in federal district court before the undersigned. <u>Fourteen Corporation v. Magnoli, et al</u>, 13-11803. Diversity jurisdiction exists. There is no indication that Huntington is forum shopping and the parties have waived the right to a jury trial. While Huntington is the only non-debtor party, it chose to remove the case to the bankruptcy court and then seek to have it moved to district court.

Overall, there is no basis for abstaining and remanding this case to state court. Villages' motion is DENIED.

SO ORDERED.

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 27, 2013, by electronic and/or ordinary mail.

 S/Sakne Chami
Case Manager, (313) 234-5160